Case 5:18-cv-00097-EKD-JCH   Document 1   Filed 07/19/18   Page 1 of 11
Pageid#: 1

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/19/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| **DENNIS M. VOORHEES** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 5:18-cv-00097 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CIVES CORPORATION** | ) | |
| a/k/a   **CIVES STEEL COMPANY,** | ) | |
| **MID-ATLANTIC DIVISION** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MICHAEL KEENAN** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Dennis M. Voorhees ("Plaintiff" or "Voorhees"), by undersigned counsel, brings this Complaint against Defendants Cives Corporation a/k/a Cives Steel Company, Mid-Atlantic Division ("Cives") and Michael Keenan ("Keenan") (collectively "Defendants") and alleges as follows:

### NATURE OF THE CASE

1.   This is an action by Plaintiff against Defendants seeking to redress violations by Defendants of 29 U.S.C. §§ 2601 *et. seq.*, the Family and Medical Leave Act ("FMLA").

### PARTIES

2.   Plaintiff, a natural person residing in Gerrardstown, West Virginia, was employed in the position of shop buyer by Defendant Cives in Winchester, Virginia for thirty nine (39) years from March 21, 1979 until March 12, 2018 when Cives terminated him.

3. Cives is a Delaware corporation doing business in Virginia, among other places, and particularly at 210 Cives Lane, Winchester, Virginia 22603. Cives employs more than 50 persons at its Winchester location.

4. Keenan, an employee of Cives in Winchester, Virginia, at all relevant times, is a natural person who resides in Winchester, Virginia.

5. Defendants are "employers" within the meaning of the FMLA.

## JURISDICTION AND VENUE

6. This Court, in accordance with 28 U.S.C. § 1331, has subject matter jurisdiction as this civil action arises under the laws of the United States.

7. Defendants are subject to the Court's personal jurisdiction as the acts Plaintiff complains of, in violation of the laws of the United States, occurred in this judicial District and Division.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial District.

## FACTS

9. Cives is an employer within the meaning of the FMLA as Cives employed at least fifty (50) or more full-time employees at its Winchester, Virginia location or within seventy five (75) miles thereof within the present or preceding calendar year for at least twenty (20) calendar weeks and engages in a business that affects interstate commerce.

10. At all times relevant herein, Cives acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Cives.

11. Keenan is an employer as at all times relevant herein he acted in the interest of and on behalf of Cives.

12. Plaintiff was employed in the position of shop buyer by Cives in Winchester, Virginia from March 21, 1979 until March 12, 2018 when he was pretextually terminated.

13. Plaintiff's wife was diagnosed with a serious health condition, namely Crohn's Disease, in 1998.

14. At all times relevant herein, Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

15. Plaintiff had at least 1,250 hours of service with Cives during the prior twelve (12) months prior to his termination.

16. Plaintiff was eligible under the FMLA to take up to twelve (12) work weeks of leave per calendar year to care for his spouse.

17. Plaintiff was entitled to received leave pursuant to the FMLA, specifically under 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks per year since 1998 to care for his spouse who has had a serious health condition since 1998.

18. For years leading up to Plaintiff's termination from employment, Plaintiff had sought and been approved for FMLA leave on an intermittent basis. However, managers, and specifically Keenan, became very frustrated with Plaintiff and other employees taking or seeking FMLA leave.

19. Supervisory employees, including but not limited to Keenan, were making very derogatory comments about people, including Plaintiff, using FMLA, using too much FMLA, and that Plaintiff was seeking FMLA unnecessarily and without legitimate reason to do so.

20. Keenan even went so far as to comment that it didn't seem like Plaintiff's spouse had anything wrong with her from a health standpoint thereby implying that Plaintiff had no legitimate reason upon which to take FMLA leave.

21. It was in 2003 that Plaintiff due to the progression of his wife's disease and her need for care by him, for the first time, asked for leave under the FMLA and the attendant paperwork by which to request FMLA leave to care for his spouse.

22. Upon requesting FMLA leave for the first time Plaintiff was informed by Cives management that they didn't know what he was talking about and that Cives "didn't have that here" or words to that effect.

23. After initially being told that Cives did not have or offer FMLA Plaintiff reached out to Department of Labor personnel to learn more about his rights under the FMLA.

24. Department of Labor personnel informed Plaintiff that Cives was wrong, and that in fact he would be eligible for FMLA leave from Cives provided he met certain conditions – all of which he met.

25. After speaking with Department of Labor personnel and determining that he did meet the criteria to be eligible for FMLA leave Plaintiff notified his supervisor at the time, John Powell, that he was eligible for FMLA leave, that he wished to take it, and would like to receive forms under which he could submit his request to take FMLA leave.  Powell informed Plaintiff that "he would look into it" or words to that effect.

26. More than two (2) weeks passed and Plaintiff heard nothing further from Powell.

27. Plaintiff again contacted the Department of Labor and became aware of the existence of FMLA leave request forms that were available for download on the Department of Labor's website.  Plaintiff downloaded the forms and presented them to Cives.

28. Cives refused to accept the FMLA leave forms from Plaintiff and insisted that Cives would provide its own FMLA leave forms to Plaintiff.

29. Cives did not provide any FMLA forms promptly. Plaintiff waited at least another week to receive the FMLA leave forms from Cives which Plaintiff promptly filled out. Plaintiff's initial FMLA leave forms were eventually approved by Cives, however, Cives remained consistently hostile toward Plaintiff related to his FMLA leave requests throughout the years. Plaintiff was the recipient of mistreatment, backlash and retaliation which manifested itself in various forms from that time forward until his termination in March 2018.

30. Shortly after Plaintiff submitted his FMLA leave paperwork for the first time and the leave was approved other employees began to ask Plaintiff about FMLA and the procedures for obtaining approval of FMLA leave. Plaintiff shared the information he was aware of and other employees began requesting FMLA leave forms from Cives. Immediately thereafter Plaintiff began to suffer mistreatment, backlash and retaliation which persisted for many years over the remainder of his employment culminating with his retaliatory pretextual termination.

31. Routinely after Plaintiff would return from approved FMLA leave Keenan would complain to Plaintiff that his work was piling up and that Plaintiff took leave because he didn't want to do his job. Keenan would also make derogatory comments about Plaintiff's spouse's health. For instance, Keenan would ask Plaintiff "what did she do to f * *k (expletive) herself up this time?" or that she didn't look sick.

32. In addition to making discriminatory and derogatory statements about Plaintiff and other employees using FMLA, Cives through its management, including but not limited to Keenan, also engaged in a pattern of making FMLA usage difficult for employees such as Plaintiff by, among other things: (1) requesting additional and unnecessary documentation of

5

people on or requesting FMLA leave; (2) discouraging the use of FMLA; (3) asking personal health care questions of a sensitive and embarrassing nature and making derogatory comments about health conditions related to FMLA usage to discourage the use of FMLA; (4) unnecessary and intrusive questioning about the need for FMLA usage; (5) and retribution in the form of derogatory comments, harassment, and making work and work days more difficult for having used FMLA.

33. Cives, sometime around 2010, even requested that Plaintiff's spouse obtain the opinion of a second gastroenterologist if Plaintiff was going to be allowed to continue to take FMLA leave. Despite that Plaintiff's spouse had undergone a small bowel resection in 2007, which underscores the unnecessary nature of the intrusive request by Cives, Plaintiff and his spouse complied. Not surprisingly, the second opinion Cives required of Plaintiff and his spouse confirmed the serious health condition diagnosis of Crohn's Disease.

34. Given that by 2010 the mistreatment and backlash associated with Plaintiff's intermittent FMLA leave had become more prevalent to a level where Plaintiff was having a difficult time dealing with the stress and burden associated with the harassment, Plaintiff again called the Department of Labor seeking guidance. After talking with the Department of Labor again Plaintiff sent an email to Cives's corporate Human Resources Director, John Donovan on August 2, 2010 (**Exhibit A**) explaining the situation.

35. Although Plaintiff did not hear back from Mr. Donovan or anyone else at Cives, Plaintiff did notice a marked decrease in mistreatment, backlash and retaliatory conduct after sending the email until approximately 2015 which is when Mr. Donovan retired and was not replaced.

36. In approximately 2015 after Mr. Donovan's retirement, mistreatment, backlash and retaliatory conduct and harassment resumed and continued until Plaintiff was terminated in March 2018.

37. Before his termination in March 2018, each time Plaintiff would request FMLA leave Cives would discourage it and would ask for the specific reason.

38. Keenan would often harass and make derogatory comments regarding Plaintiff's spouse's health and Plaintiff's related FMLA usage.

39. On March 12, 2018, shortly after Plaintiff had arrived at work Keenan called Plaintiff into his office. When he arrived at the office, Keenan was there with Craig Alderman, a Cives Vice President. Plaintiff was notified that he was terminated effective immediately. Plaintiff's termination was pretextual in nature, and was occasioned in retaliation for his use of FMLA leave.

## COUNT I
### Interference with Plaintiff's Substantive Rights Under the FMLA

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth herein in full.

41. Plaintiff was employed in the position of shop buyer by Cives in Winchester, Virginia from March 21, 1979 until March 12, 2018 when he was pretextually terminated.

42. Plaintiff's wife was diagnosed with a serious health condition, namely Crohn's Disease, in 1998.

43. At all times relevant herein, Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

44. Plaintiff had at least 1,250 hours of service with Cives during the prior twelve (12) months prior to his termination.

7

45. Plaintiff was eligible under the FMLA to take up to twelve (12) work weeks of leave per calendar year to care for his spouse.

46. Plaintiff was entitled to receive leave pursuant to the FMLA, specifically under 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks per year since 1998 to care for his spouse who has had a serious health condition since 1998.

47. Plaintiff requested leave pursuant to the FMLA intermittently from 2003 until his pretextual termination in 2018.

48. Defendants unlawfully interfered with Plaintiff's rights under the FMLA by, among other things: (1) requesting additional and unnecessary documentation for people, including Plaintiff, on or requesting FMLA leave; (2) discouraging the use of FMLA; (3) asking personal health care questions of a sensitive and embarrassing nature and making derogatory comments about health conditions related to FMLA usage to discourage the use of FMLA; (4) unnecessary and intrusive questioning about the need for FMLA usage; (5) retribution in the form of various derogatory comments, harassment, and making work and work days more difficult for having used FMLA; engaging in adverse actions toward Plaintiff for exercising his FMLA rights such as creating a hostile work environment culminating with Plaintiff's termination.

49. Plaintiff has suffered damages as a result of Defendants' actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

(1) Monetary damages to compensate Plaintiff for all lost salary and benefits;

(2) Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(3) Liquidated damages in addition to actual damages for back pay/benefits and front pay/benefits;

(4) Costs of this lawsuit, expert fees, and attorneys' fees.

(5) Pre-judgment and post-judgment interest.

(6) Any such other relief as this court deems appropriate.

**COUNT II**
**Retaliation in Violation of the FMLA**

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth herein in full.

51. Plaintiff was employed in the position of shop buyer by Cives in Winchester, Virginia from March 21, 1979 until March 12, 2018 when he was pretextually terminated.

52. Plaintiff's wife was diagnosed with a serious health condition, namely Crohn's Disease, in 1998.

53. At all times relevant herein, Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

54. Plaintiff had at least 1,250 hours of service with Cives during the prior twelve (12) months prior to his termination.

55. Plaintiff was eligible under the FMLA to take up to twelve (12) work weeks of leave per calendar year to care for his spouse.

56. Plaintiff was entitled to received leave pursuant to the FMLA, specifically under 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks per year since 1998 to care for his spouse who has had a serious health condition since 1998.

57. Plaintiff requested leave pursuant to the FMLA intermittently from 2003 until his termination in 2018.

58. Defendants unlawfully interfered with Plaintiff's rights under the FMLA by, among other things: (1) requesting additional and unnecessary documentation for people on or requesting FMLA leave; (2) discouraging the use of FMLA; (3) asking personal health care questions of a sensitive and embarrassing nature and making derogatory comments about health conditions related to FMLA usage to discourage the use of FMLA; (4) unnecessary and intrusive questioning about the need for FMLA usage; (5) retribution in the form of various derogatory comments, harassment, and making work and work days more difficult for having used FMLA; engaging in adverse actions toward Plaintiff for exercising his FMLA rights such as creating a hostile work environment culminating with Plaintiff's termination.

59. Defendants applied Plaintiff's FMLA usage and time taken off for FMLA usage as a negative factor against him in terminating his employment.

60. Plaintiff was terminated from his thirty nine (39) year employment in March 2018 because he availed himself of the guarantees and rights of the FMLA.

61. Plaintiff has suffered damages as a result of Defendants' actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

(1) Monetary damages to compensate Plaintiff for all lost salary and benefits;

(2) Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(3) Liquidated damages in addition to actual damages for back pay/benefits and front pay/benefits;

(4) Costs of this lawsuit, expert fees, and attorneys' fees.

(5) Pre-judgment and post-judgment interest.

(6) Any such other relief as this court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that the Court enter an Order, ADJUDGING, ORDERING and DECREEING that Defendants are jointly and severally liable to Plaintiff on one or more of the causes of action alleged herein, and awarding Plaintiff the following damages:

(1) Monetary damages to compensate Plaintiff for all lost salary and benefits;

(2) Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(3) Liquidated damages in addition to actual damages for back pay/benefits and front pay/benefits;

(4) Costs of this lawsuit, expert fees, and attorneys' fees.

(5) Pre-judgment and post-judgment interest.

(6) Any such other relief as this court deems appropriate.

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

DATED: July 19, 2018                    Respectfully submitted,

                                        DENNIS M. VOORHEES
                                        By:    DUNLAP BENNETT & LUDWIG, PLLC

                                               /s/ Ellis L. Bennett

                                        Ellis L. Bennett  (VSB No. 71685)
                                        Dunlap Bennett & Ludwig PLLC
                                        211 Church Street, SE
                                        Leesburg, Virginia 20175
                                        703) 777-7319
                                        (703) 777-3656 (facsimile)
                                        ebennett@dbllawyers.com

11